# AXMAN *v.* WASHINGTON GASLIGHT COMPANY. (2)

TRESPASS; DAMAGES; INSTRUCTIONS TO JURY.

In an action by a patron of a gaslight company against the company for breaking and entering into plaintiff's dwelling house by agents of the defendant, who entered to inspect a meter, it is error for the trial court to instruct the jury that they may consider in mitigation of damages, a contract between the plaintiff and the defendant, which gave the defendant the right of access to the premises for the purpose of reading the meter; and also that they may consider that, after the agents had broken into the plaintiff's premises, the plaintiff recognized the right of such agents to enter; and further that the jury may consider the fact, if it be a fact, that the plaintiff and his wife acted in a suspicious manner, leading the defendant's agents to believe that the plaintiff had tampered with the gas meter. (Citing *Axman* v. *Washington Gaslight Co.* ante, 150.)

No. 2326.   Submitted December 9, 1911.   Decided January 8, 1912.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, upon verdict, in an action of trespass.                              *Reversed.*

The facts are stated in the opinion.

*Mr. Charles Poe* and *Mr. Francis L. Neubeck* for the appellant.

*Mr. Benjamin S. Minor, Mr. Hugh B. Rowland,* and *Mr. L. Randolph Mason* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an action by Emil Axman, the husband of the plaintiff in the preceding case, for damages occasioned by the alleged breaking and entering of plaintiff's dwelling house by agents of the defendant, the Washington Gaslight Company.   Plea the

general issue.   The facts have been stated in the preceding case.

The jury, at the request of the defendant and over the objection of the plaintiff, were instructed that they might consider, in mitigation of damages, said contract between the plaintiff and the defendant, and further that, after defendant's agents had broken into the plaintiff's premises, "he recognized the right of such agent or agents to enter the premises."   This instruction was erroneous.   The contract, as we have said in the preceding case, afforded no justification whatever for the breaking and entering.   It contemplated a regular entry at a reasonable time, nothing more.   Nor did the plaintiff, after he found the defendant's agents in his home, waive his right of action for the tort committed in effecting an entrance , by permitting them to examine the meter.   His conduct was that of an honest man, and did not constitute any recognition of defendant's right to break into his house, or enter it in an irregular way.   The suit is not because of what was done after plaintiff's act in permitting defendant's inspectors to examine the meter, but rather for the preceding trespass.

It was also error to permit the jury, in mitigation of damages, to consider the fact, if they found it to be a fact, "that the plaintiff and his wife acted in a suspicious manner," leading the defendant's agents to believe that the plaintiff had tampered with his gas meter.   As stated in the preceding case, such acts, even assuming their existence, afforded no justification for a trespass.

Judgment reversed, with costs, and cause remanded.

*Reversed and remanded.*